```
                    UNITED STATES BANKRUPTCY COURT
                        DISTRICT OF PUERTO RICO
```

| IN RE: | |
|---|---|
| **MICHELLE MARIE SANTOS ROBLES** | CASE NO. 18-04636-ESL |
| XXX-XX-2775 | CHAPTER 13 |
| **DEBTOR (S)** | |

**TRUSTEE'S POSITION AND OBJECTION TO DEBTOR'S MOTION REQUESTING ENTRY OF ORDER IN DOCKET NO. 38 AND REQUEST FOR ORDER**

**TO THE HONORABLE COURT:**

**NOW COMES**, José R. Carrión, Standing Chapter 13 Trustee (hereinafter, the "Trustee"), through the undersigned attorney, very respectfully alleges and prays:

1. Debtor filed her Chapter 13 Voluntary Petition on **August 16, 2018**. Docket no. 1. Per Debtor's Schedule I, Debtor was a cashier at Supermercados Amigos and **she made $1,224.56 gross a month, or $14,694.72 gross a year**. The Docket reveals that, until recently, Schedule I had not been amended.

Debtor's plan, dated October 25, 2018, was confirmed on November 20, 2018. Docket no. 23. The Trustee notes that the order confirming the plan includes the following language: "7. Debtor(s) has (have) a continuing obligation, during the term of the plan, to report to the Court, thru the pertinent motion or amendment to schedules, any change to the (their) financial/economic circumstances, particularly income increase or decreases and the acquisition of assets by whatever means."

2. On December 12, 2022, Debtor filed a Motion Requesting the Entry of an Order Ratifying the Use of 2018-2021 tax refunds since the funds were used to cover some extraordinary expenses. Docket no. 34.

3. Debtor submitted 2018-2021 tax returns for evaluation and the Trustee hereby informs the Court that such documents revealed that Debtor failed her ongoing obligation to disclose changes in circumstances and that, consequently, Debtor's Motion Requesting authorization to retain tax refunds should be denied. Per **2019** tax return, debtor reported having made **$2,413.91 gross a month or $28,966.92 gross that year**. Per **2020** tax return, debtor reported having made **$2,878.58 gross a month or $34,651.00 gross that year**. Per **2021** tax return, debtor reported having made **$3,150.00 gross a month or $37,800.00 gross that year**. Debtor's failure to disclose changes in her financial situation went against the interests of the general unsecured creditors in the case who are only receiving **4%** of their claims. If Debtor is allowed to successfully complete her plan, Debtor would be discharging approximately **$19,000.00 in general unsecured debt**, which the Trustee objects. With the extra unreported income generated, Debtor could have paid in full her unsecured debt. The Trustee also brings to the Court's consideration that in addition to the unreported income Debtor has also had available numerous COVID related incentives which are not income for bankruptcy purposes and could have been used to offset the extraordinary expenses she seeks to cover with the tax refunds requested. The facts of the case reveal that Debtor's request is both unreasonable and unjustified and for such reason the Trustee objects the same.

4. "The proper functioning of the bankruptcy system depends upon the complete and accurate disclosure of information concerning the debtor's assets, liabilities, income, expenses and financial affairs. See, Stamat v. Neary, 635 F.3d 974, 983 (7th Cir.2011); U.S. v. Ellis, 50 F.3d 419, 423 (7th Cir.1995); In re Bernard, 99 B.R. 563, 570 (Bankr.S.D.N.Y.1989) ("complete disclosure is the touchstone of a bankruptcy case").

"Although most of these disclosures are made at the time the petition is filed, chapter 13 debtors, in particular, have an ongoing obligation to provide the trustee with information concerning their income and expenses until the case is closed." See, 11 U.S.C. § 521(f)(4); Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1274 (11th Cir.2010) (quoting Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir.2002)) ("the duty to disclose ... does not end once the forms are submitted to the bankruptcy court....") "A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change." In re Burnes, id.

5. In light of the aforementioned the Trustee respectfully requests that Debtor's Motion Requesting Authorization to Retain 2018-2019 tax refunds be denied and that debtor be ordered to submit for evaluation evidence of income generated during year 2022 (January to December 2022), along with bank statements for such months. The Trustee also requests that Debtor be ordered to show cause as to why the case should not be dismissed upon his failure to disclose an increase in income during the life of the case.

**WHEREFORE,** the Trustee respectfully requests that the Court take note of the aforementioned, deny Debtor's Motion Requesting Entry or Order in docket no. 38 and order Debtor to submit for evaluation evidence of income generated during year 2022 (January to December 2022), along with bank statements for such months. The Trustee also requests that Debtor be ordered to show cause as to why the case should not be dismissed upon his failure to disclose an increase in income during the life of the case.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney through CM-ECF notification system.

**NOTICE**
**14 day notice**: Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**Respectfully submitted,**

In San Juan, Puerto Rico, this **December 19, 2022.**

**/s/ Nannette Godreau**

Staff Attorney
USDC No. 227310
**JOSÉ R. CARRIÓN-MORALES**
CHAPTER 13 TRUSTEE
P.O. Box 9023884
San Juan, P.R. 00902-3884
ngodreau@ch13-pr.com
Tel: (787) 977-3535
Fax: (787) 977-3550